Opinion issued July 19, 2007


















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00370-CR

 __________


FRANCISCO CARRILLO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1029610






MEMORANDUM OPINION

 A jury found appellant, Francisco Carrillo, guilty of murder, and he was
sentenced to 50 years in prison. In his sole point of error, appellant contends that the
trial court erred by denying his Batson (1) challenge.

 We affirm. 

Background


 Sixteen-year-old Gilbert Saldana testified that, on April 14, 2005, he and
Rogelio Delgado were standing in front of their homes when a van drove up. The
men in the van asked if they claimed "JQA," a Mexican gang. Saldana noticed that
one of the men in the van had what appeared to be a shotgun, so he ran to the house.
Delgado had asked Saldana to get some rocks and to give him the knife that Saldana
had in his pocket. Saldana testified that the men continued to argue, and the man with
the shotgun told Delgado that, if he said "CK" (crypt killer) again, he was going to
shoot him. Delgado said it again, and appellant shot him.

 Appellant gave a written statement to the police in which he admitted that he,
"Shadow," "Globo," and "Silent" were driving around that night and came upon "a
couple of Hispanic guys" who were "flashing colors at us, using hand signals that
showed they were Gang members with JQA." Appellant admitted that he shot
Delgado, but he stated that he did so in self-defense because he "was scared and in
shock because the guy was throwing rocks at us."


Batson Challenge


 In his sole issue, appellant contends that the trial court erred in overruling his
objection to the State's peremptory strike of Veniremember 30 in violation of the
Fourteenth Amendment of the United States Constitution, Article I, Section 3(a) of
the Texas Constitution, and Article 35.261 of the Texas Code of Criminal Procedure,
as well as Batson v. Kentucky, 475 U.S. 79, 106 S. Ct. 1712 (1986). 

The Law

 Article 35.261 and Batson v. Kentucky prohibit the use of peremptory
challenges to exclude veniremembers on the basis of race. Tex. Code Crim. Proc.
Ann. art. 35.261; Batson, 476 U.S. at 85, 106 S. Ct. at 1716. Striking a
veniremember on the basis of race violates the equal protection guarantees of the
United States Constitution. Batson, 476 U.S. at 85, 106 S. Ct. at 1717.

 Resolution of a Batson challenge is a three-step process. Purkett v. Elem, 514
U.S. 765, 767-68, 115 S. Ct. 1769, 1770-71 (1995); Shuffield v. State, 189 S.W.3d
782, 785 (Tex. Crim. App. 2006); Goldberg v. State, 95 S.W.3d 345, 385 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). First, the defendant must make a prima
facie showing that the State exercised a peremptory challenge on the basis of race. 
Purkett, 514 U.S. at 767, 115 S. Ct. at 1770; Shuffield, 189 S.W.3d at 785; Goldberg,
95 S.W.3d at 385.

 Second, the burden of production shifts to the State to articulate a race-neutral
reason for its strike. Purkett, 514 U.S. at 767, 115 S. Ct. at 1770; Shuffield, 189
S.W.3d at 785; Goldberg, 95 S.W.3d at 385. A reason is deemed race-neutral if no
discriminatory intent is inherent in the explanation given. Purkett, 514 U.S. at 768,
115 S. Ct. at 1771. This step does not require an explanation that is persuasive. Id.
at 767-68, 115 S. Ct. at 1771.

 Finally, the trial court determines whether the defendant has carried his burden
to prove purposeful discrimination. Id. at 767-78, 115 S. Ct. at 1770-71; Shuffield,
189 S.W.3d at 785. Because it is the defendant's burden to prove, by a
preponderance of the evidence, that the purported race-neutral explanation is mere
pretext for purposeful discrimination, the defendant is given an opportunity to rebut
the State's reason. Simpson v. State, 119 S.W.3d 262, 268 & n.48 (Tex. Crim. App.
2003).

Standard of Review

 We examine a trial court's ruling on a Batson challenge under the "clearly
erroneous" standard of review. Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim.
App. 2004); Goldberg, 95 S.W.3d at 385. To hold that a decision was clearly
erroneous, we must be left with a "definite and firm conviction that a mistake has
been committed." Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992). 
The "clearly erroneous standard is a highly deferential standard because the trial court
is in the best position to determine whether [the State's] facially race-neutral
explanation for a peremptory strike is genuinely race-neutral." Gibson, 144 S.W.3d
at 534. We focus on the genuineness rather than on the reasonableness of the State's
asserted race-neutral reason. Id. at 533-34.

 In evaluating the genuineness of State's proffered race-neutral reasons, we may
consider whether (1) the reason given is related to the facts of the case; (2) the State
meaningfully questioned the challenged veniremember; (3) persons with the same
or similar characteristics as the challenged veniremember were not struck; (4) there
was disparate examination of the members of the venire, i.e., questioning the
challenged veniremember in a manner designed to evoke a certain response without
asking the same question of the other venirepersons; and (5) an explanation was
based upon a group bias although the specific trait is not shown to apply to the
challenged juror. Williams v. State, 804 S.W.2d 95, 105-06 (Tex. Crim. App. 1991).

Analysis

 After the trial court called the names of the veniremembers who had been
chosen for the jury, appellant's trial counsel asked to approach the bench, where the
following exchange occurred:

 Defense 1: (2) I'm doing a Batson challenge on Juror No. 30. We don't
have any idea of why he was stricken.


 Defense 2: He didn't respond to any questions as far as my notes
show, and we see no reason for why he's being stricken
other than he is the same race as the defendant.


 Court: Okay.


 State: I have a note. My very first note on him, besides his age,
is that he had a very angry look during the entire voir dire;
and I was uncomfortable with the look that he gave during
any [sic] portion of the voir dire, which is why I struck
him.


 Defense 2: I don't believe that is a reasonable explanation, Your
Honor. So, we still object.


 Court: That will be overruled.


The Supreme Court has made it clear that a federal appellate court could not hold as
a matter of law that a state prosecutor's statement of his subjective dislike of venire
members' appearances was a pretext. Purkett, 514 U.S. at 768, 115 S. Ct. at 1771. 
The Court reemphasized the specific statement it made in Batson: "Since the trial
judge's findings in the context under consideration here largely will turn on
evaluation of credibility, a reviewing court ordinarily should give those findings great
deference." Id. at 769-71, 115 S. Ct. at 1772. Purkett reminds us that the Batson
decision is one of fact, not of per se rules of law. Statements about the demeanor or
appearance of venire members must be judged for their credibility by trial courts,
whose findings must be reviewed deferentially by appellate courts. Yarborough v.
State, 947 S.W.2d 892, 896 (Tex. Crim. App. 1997).

 Subjective evaluations of venire members could be used to disguise violations
of the Equal Protection Clause. But this does not mean that such evaluations must
always be held to have no weight. Trial judges are not without ability to detect
pretexts. "[I]mplausible or fantastic justifications may (and probably will) be found
to be pretexts for purposeful discrimination." Purkett, 514 U.S. at 768, 115 S. Ct. at
1771. And appellate courts are not bound by the rule of deference to accept every
ruling of a trial court, especially when there is no specific finding of fact. 
Yarborough, 947 S.W.2d at 896. Courts at both levels can consider such factors as
the quantity and quality of either party's examination of the challenged venire
member, whether the Batson movant cross-examined the counsel who made the
peremptory challenge, whether the Batson movant rebutted the description of the
venire member, whether the Batson movant proved that venire members of similar
demeanor were not struck, and whether the judge was asked to rule on any conflict
of fact. Id. We believe that the vigorous use of these and other tools by an alert and
watchful judiciary will be adequate to expose sham justifications for peremptory
strikes.

 In this case, it was sufficiently shown in the record by the prosecutor's specific
description, which was undisputed by the appellant and accepted by the trial court,
that veniremember 30 did display a certain demeanor. Such a statement cannot be
said as a matter of law to be insufficient. 

 Once the State gives a race-neutral explanation for the strike, the burden shifts
back to the defendant to show that the explanation is a sham or pretext. Pondexter
v. State, 942 S.W.2d 577, 581 (Tex. Crim. App. 1996). However, appellant did not
cross-examine the District Attorney or present any rebuttal evidence as to any of the
prospective jurors in question.

 After considering the evidence in a light most favorable to the trial court's
ruling, we find that the trial court's ruling on the Batson objection was not clearly
erroneous. Accordingly, we overrule appellant's sole issue. 

Conclusion


 We affirm the trial court's judgment.

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b).

1. Batson v. Kentucky, 475 U.S. 79, 106 S. Ct. 1712 (1986).
2. At trial, appellant was represented by two attorneys, and they both spoke during the
Batson challenge.